IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-31,852-03






EX PARTE CHRISTOPHER RYAN TROLLINGER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 13,765 IN THE 258TH JUDICIAL DISTRICT COURT


FROM POLK COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of one count of
unlawful possession of a firearm by a felon and one count of aggravated assault, and was sentenced
to twenty years' imprisonment for the unlawful possession of a firearm by a felon count, and sixty
years' imprisonment for the aggravated assault count. He did not appeal his conviction.

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
counsel failed to investigate Applicant's history of psychological problems, head injury, drug abuse,
and psychiatric hospitalization. Applicant also alleges that counsel failed to have him evaluated for
competency to stand trial. Counsel has provided affidavits in which he states that despite
Applicant's uncontrollable behavior and inability to hold a rational conversation with counsel, he
did not investigate Applicant's mental health history or request that he be evaluated for competency
to stand trial. Counsel states that he performed little or no pre-trial investigation because he had
been informed that the complainant, Applicant's brother, would not testify. This proved to be
incorrect. The State responds that there is nothing in the court's file or transcript to indicate that
Applicant's behavior was bizarre or irrational at the time of trial. However, because Applicant did
not appeal, this Court does not have access to a trial transcript.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond in greater detail to
Applicant's claim of ineffective assistance of counsel. Trial counsel shall describe more specifically
what behavior Applicant engaged in which leads counsel to believe in retrospect that he was not
competent to stand trial. The trial court may use any means set out in Tex. Code Crim. Proc. art.
11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first supplement the habeas record with a copy of the trial transcript, if
such a transcript exists. The trial court shall make findings of fact as to whether there was any
indication that Applicant was unable to understand the proceedings, consult with his attorney or
assist in his defense. The trial court shall make findings as to whether any evidence was presented
either during the guilt/ innocence or punishment stage of trial regarding Applicant's history of head
injury, drug abuse, or psychiatric hospitalizations or diagnoses. The trial court shall make findings
as to whether counsel was prepared for trial, whether he effectively cross-examined the complainant,
and whether he presented any evidence in mitigation of punishment. The trial court shall make
findings as to whether the performance of Applicant's trial attorney was deficient and, if so, whether
counsel's deficient performance prejudiced Applicant. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: May 11, 2011

Do not publish